## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### Richmond Division

GARY B. WILLIAMS,          )
                                  )
      Petitioner,         )
                                  )
v.                            )        Civil Action No. 3:14CV329–HEH
                                  )
R.C. MATHENA,          )
                                  )
      Respondent.      )

### MEMORANDUM OPINION
**(Granting Respondent's Motion to Dismiss 28 U.S.C. § 2254 Petition)**

Gary B. Williams, a Virginia inmate proceeding *pro se* and *in forma pauperis,*

filed this petition for a writ of habeas corpus under 28 U.S.C. § 2254 ("§ 2254 Petition,"

ECF No. 1).  Respondent moves to dismiss the § 2254 Petition, on the grounds that, *inter*

*alia,* the § 2254 Petition is an unauthorized, successive petition.  Williams has responded.

(ECF No. 13.)  For the reasons set forth below, the Motion to Dismiss will be granted.

### I. Successive § 2254 Petitions

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA")

restricted the jurisdiction of the district courts to hear second or successive applications

for federal habeas corpus relief by prisoners attacking the validity of their convictions

and sentences by establishing a "gatekeeping mechanism."  *Felker v. Turpin,* 518 U.S.

651, 657 (1996) (internal quotation marks omitted).  Specifically, "[b]efore a second or

successive application permitted by this section is filed in the district court, the applicant

shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A).

## II. Analysis

### A.   Williams's present § 2254 Petition

In his § 2254 Petition, Williams challenges the failure of the Virginia Department of Corrections ("VDOC") to "credit 8 months of pretrial detention against [his] sentence." (§ 2254 Pet. 6.)[1]   Williams notes that as early as August 1, 2012, he received Legal Updates from the VDOC, which failed to award him credit against his sentences for time spent in jail "from July 2009 to March 4, 2010" and from May 24, 2010 until August 10, 2010. (*Id.*)

### B.   Williams's prior § 2254 petition

In 2013, the Court received from Williams a § 2254 petition wherein he challenged his convictions in the Circuit Court for the City of Suffolk for aggravated malicious wounding and shooting, stabbing, cutting or wounding during the commission of a felony. *See Williams v. Clarke*, No. 3:13CV276–HEH, 2014 WL 3640344, at *1 (E.D. Va. July 22, 2014).   In that petition, Williams failed to raise any challenge regarding credit against his sentence for time spent in pretrial detention. *See id.* (reciting claims).   By Memorandum Opinion and Order entered on July 22, 2014, the Court denied Williams's petition challenging his convictions in the Circuit Court for the City of Suffolk. *Id.* at *8.

---

[1] The Court corrects the capitalization in the quotations to Williams's submissions.

**C.   Williams's § 2254 Petition is an unauthorized, successive petition**

"Although [the] AEDPA does not set forth what constitutes a 'second or successive' application, [courts have concluded] that 'a later petition is successive when it . . . raises a claim challenging the petitioner's conviction or sentence that was or could have been raised in an earlier petition . . . .'" *Crone v. Cockrell*, 324 F.3d 833, 836–37 (5th Cir. 2003) (quoting *In re Cain*, 137 F.3d 234, 235 (5th Cir. 1998)).  Accordingly, when "a prisoner knows 'all of the facts necessary to raise his [attack on the execution of his sentence] *before* . . . fil[ing] his initial federal petition,' such a claim is successive and subject to the limits imposed by section 2244(b)," when such an attack is raised in a subsequent federal petition. *Moody v. Maynard*, 105 F. App'x 458, 465 (4th Cir. 2004) (alterations in original) (quoting *Crone*, 324 F.3d at 837).  That is the case here. Williams had all the facts necessary to bring his current challenge to the execution of his sentence at the time he filed his § 2254 petition which challenged his convictions in the Circuit Court for the City of Suffolk.[2]  Accordingly, the Motion to Dismiss (ECF No. 10) will be granted.  The action will be dismissed for want of jurisdiction.

An appeal may not be taken from the final order in a § 2254 proceeding unless a judge issues a certificate of appealability ("COA").  28 U.S.C. § 2253(c)(1)(a).  A COA will not issue unless a prisoner makes "a substantial showing of the denial of a

---

[2] Williams suggests that he could not bring his challenge to the execution of his sentence in conjunction with his challenge to his convictions in the Circuit Court for the City of Suffolk because he had to exhaust his state remedies with respect to claim for the execution of his sentence. (Pet'r's Resp. Mot. Dismiss 1–2.)  Williams's failure to have exhausted his state remedies with respect to his challenge to the execution of his sentence does not excuse his failure to raise that challenge in his earlier federal habeas petition. *See Benchoff v. Colleran*, 404 F.3d 812, 820 (3d Cir. 2005) ("[T]he sole fact that the new claims were unexhausted when the earlier federal writ was prosecuted will not excuse their omission." (quoting *Crone*, 324 F.3d at 837)).

constitutional right." 28 U.S.C. § 2253(c)(2). This requirement is satisfied only when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)). Williams fails to meet this standard. Accordingly, the Court will deny a certificate of appealability.

An appropriate Final Order will accompany this Memorandum Opinion.

/s/

HENRY E. HUDSON
UNITED STATES DISTRICT JUDGE

Date: Nov. 6, 2014
Richmond, Virginia

4